```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

| | |
|---|---|
| WOODROW JERRY HAWKINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    No. 14-2102-JDT-dkv |
| | ) |
| LINDEN YARDS APARTMENTS, and | ) |
| FRIEDA A. GARDNER, Landlord, | ) |
| | ) |
|     Defendants. | ) |

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On February 12, 2014, the plaintiff, Woodrow Hawkins, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Compl., D.E. 1; D.E. 2.) In an order issued on February 13, 2014, the court granted leave to proceed *in forma pauperis*. (D.E. 6.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

                I.    PROPOSED FINDINGS OF FACT

Hawkins's court-supplied complaint form is entitled "Complaint for Violation of Civil Rights Under 42 U.S.C. §

1983." (Compl., D.E. 1.) The complaint names Linden Yard Apartments ("Linden Yards") and Mrs. Frieda A. Gardner, Land-lord, ("Gardner") as defendants. (*Id.* at 1.) This action arose from a dispute between Hawkins and his landlord regarding unpaid rent and a pending eviction. (Pet. for Inj., D.E. 3.)

In the "Statement of Claim" section of his complaint against the defendants, Hawkins hand-wrote:

> The Defendant is suing the Plaintiff for the amount of $1,880.00, + $626.66 in Attorney fees according to the back rent statement of Mrs. Brown [sic] Mr. Hawkins only owe [sic] $1,593.40 in back rent which he have [sic] already paid in full on 1/27/14 [sic] The Plaintiff is a person with disabilities and he fills [sic] mistreated and discriminated against and that his . . .
> See exhibit A attached hereto is exhibit A

(Compl., D.E. 1 ¶ IV.)

Attached to the complaint is an additional document entitled "Statement of Claim," in which the plaintiff wrote:

> On approximately 05/24/2013 Mr. Woodrow Jerry Hawkins who lived at 731 Linden Yards Apartment [sic] Mrs. Frieda A. Gardner had a phone conversation and in the conversation Mr. Woodrow asked Mrs. Frieda Gardner Land-lord [sic] a question and the question was and I quote: "what time will you'll [sic] get here for the inspection" [sic] after that Mrs. Frieda replied to Mr. Woodrow "between 10 am till [sic] 3 pm" [sic] after that Mr. Woodrow mention [sic] to Mrs. Frieda Gardner and I quote [sic].
>
> "Mr. Woodrow you don't have to be there for the inspection we are going to have the inspection whether you be [sic] there or not" [sic] after that Mr. Woodorw [sic] Hawkins asked Mrs. Frieda Gardner: 'will I get into any trouble with anybody for not being there" Mrs. Frieda replied to Mr. Woodrow: "no you want" [sic]

2

(*Id.*, Ex. A.)

Based on these events, the plaintiff's complaint alleges that his "Civil Fundamental and Constitutional Rights" have been violated and "the Defendant had knowledge of her action and her conduct is motivated by malicious intend [sic] an [sic] evil motive [sic] that the Defendant acted under color of State Law." (*Id.*, Ex. B.) Hawkins seeks $10,000,000 in compensatory damages and $10,000,000 in punitive damages "for the emotional and mental distress suffered while the violation was going on and for the malicious and callous disregard of his rights feeling [sic] and for the discrimination against Petitioner by the Defendant(s)." (*Id.* ¶¶ 1,3.) The plaintiff also requests "[t]hat the Defendant(s) is [sic] to be sued to the full capacity of her individual office abroad [sic] be subjected to a fine misdemeanor or criminal charges [sic] public reframe from office and such other penalty at the discretion of the court." (*Id.* ¶ 6.)

In his subsequently filed "PETITION for INJUNCTION," the plaintiff wrote:

> The Petitioner Woodrow Jerry Hawkins, is a person with disabilities and he believe [sic] that because of his disabilities he being [sic] taken advantage of in which the Defendant in this case have [sic] wronged him and discriminated against him and he have [sic] can prove it as the result of which the Plaintiff ask this court to issue an order directing the Respondents to stop the eviction until the outcome of this case to

3

> see if the Plaintiff [sic] civil rights have been violated.
>
> The Plaintiff Mr. Woodrow Jerry Hawkins does not owe any money at all [sic]

(D.E. 3.)

Hawkins's complaint is the second of two actions regarding the aforementioned series of events. On January 17, 2014, Linden Yards filed Detainer Warrant No. 1667740 in the Shelby County Court of General Sessions against Woodrow and Rachel Hawkins, demanding payment of damages, attorney fees, court costs, and accrued rent. *Linden Yards Apartments. v. Woodrow & Rachel Hawkins*, Shelby Cnty. Ct. of General Sessions, Detainer Warrant No. 1667740 (Jan. 17, 2014). On January 30, 2014, Mr. Hawkins submitted a cross-action against Linden Yards, which was ultimately unsuccessful. *Woodrow Hawkins v. Linden Yards Apartments*, Shelby Cnty. Ct. of General Sessions, Civil Warrant No. X1667740 (Jan. 30, 2014). Following adjudication on the merits, it was determined that Woodrow and Rachel Hawkins had breached their contract with Linden Yards by failing to pay rent. A judgment was entered in favor of Linden Yards Apartments on February 18, 2014, ordering the payment of $2,394.04 and the cost of the cause. *Linden Yards Apartments*, No. 1667740, Judgment (Feb. 18, 2014); *Hawkins*, No. X1667740, Judgment (Feb. 18, 2014). The judgment further ordered that Hawkins's residence be returned to the possession of the

apartment complex. *Id.* Hawkins had ten days to appeal the judgment and failed to do so, and the time for appeal has expired. Tenn. Code Ann. § 27-5-108 (West 2000).

II. PROPOSED CONCLUSIONS OF LAW

A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule

5

12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(I) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to FED. R. CIV. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District

judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. Hawkins's Claim Under 42 U.S.C. § 1983

In his complaint, Hawkins alleges claims against both the defendants under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

42 U.S.C. § 1983. It provides a method of seeking redress of deprivation of federal constitutional rights and federal statutory rights. *Albright v. Oliver*, 510 U.S. 266 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) First, that the defendant acted under color of

8

state law, and (2) a deprivation of rights secured by the United States Constitution or federal statutory law. *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

1. The "Under Color of State Law" Requirement

"The traditional definition of acting under state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Yancey v. Carson*, No. 3:04-cv-556, 2007 U.S. Dist. LEXIS 7442, at *15 (E.D. Tenn. 2007)(quoting *West*, 487 U.S. at 49 (1988)(internal quotation marks omitted)). "The key determinant is whether the actor, at the time in question, proposes to act in an official capacity or to exercise official responsibilities pursuant to state law." *Martinez v. Colon*, 54 F.3d 980, 986 (1st Cir. 1995). In an action against a private party, § 1983 will apply only if an individual's seemingly private behavior may be fairly treated as that of the state itself. *Khulumani v. Barclay Nat'l Bank Ltd.*, 504 F.3d 254, 313 (2d Cir. 2007). When all that is alleged is that "the private actor had merely resorted to the courts and prevailed in the lawsuit, he would not have been acting under color of law." *Id.* at 315.

Hawkins's complaint alleges, "the Defendant acted under

9

color of State Law." (Compl., D.E. 1, Ex. B.) Based on the allegations in the complaint along with the exhibits attached to the complaint, the defendants named in the complaint do not satisfy the under color of state law requirement. Both Linden Yards and Gardner are private parties with no official responsibilities prescribed by state law. Hawkins does not indicate that either defendant engaged in private behavior that could be construed as state action. Thus, Hawkins failed to establish the first *prima facie* element of a § 1983 claim.

2. Deprivation of a Constitutional Right

Section 1983 provides a remedy; it is not a source of substantive rights. *Johnson v. City of Detroit*, 446 F.3d 614, 618-22 (6th Cir. 2006). Therefore, a plaintiff must allege a specific rights violation found in federal law. *Id.* Here, Hawkins alleges that "the Defendant have [sic] deprived him of his rights and privileges prohibited by the Fourteenth Amendment to the Constitution." (Compl., D.E. 1, Ex. B.) The Fourteenth Amendment forbids a state from depriving any person of life, liberty, or property without due process of law. U.S. CONST. amend. XIV, § 1. The Due Process Clause contains "a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" *Zinermon v. Burch*, 494 U.S. 113 (1990)(citing *Daniels v. Williams*, 474 U.S. 327 (1986)). The Due Process

Clause also encompasses another type of protection, a guarantee of fair procedure. A § 1983 action may be brought for a violation of procedural due process. *Zinermon*, 494 U.S. at 125-26. In procedural due process claims, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional." *Id.* at 125 (1990)(citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)). Rather, it is the deprivation of the interest without due process of law that is unconstitutional. *Id.* In other words, "the constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Id.* at 126.

Hawkins's complaint arises out of a property dispute. The court will therefore analyze Hawkins's complaint as a substantive due process claim for deprivation of property. For Fourteenth Amendment protections to apply, Hawkins must have a "legitimate claim of entitlement." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Hawkins's property interest in his apartment is a property interest protected by the Fourteenth Amendment's Due Process Clause, and he is entitled to due process protection of his property interest.

Substantive due process claims fall into one of two categories—claims that an individual has been deprived of a

particular constitutional guarantee, or claims that the government has acted in a way that "shock[s] the conscience." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 547 (6th Cir. 2012)(citing *Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997)). The theory of substantive due process applies to "only the most egregious official conduct." *Id.* (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). To prevail on a substantive due process claim, a plaintiff must show a constitutionally protected property interest and that the conduct of the governmental officials can be characterized as "'arbitrary, or conscience shocking, in a constitutional sense.'" *Id.* (citing *Lewis*, 523 U.S. 833, 847 (1998)).

Hawkins does not allege a violation of a particular constitutional guarantee but rather he proceeds under a generalized notion of due process. Hawkins's complaint includes conclusory allegations that the defendants "had knowledge of her action and her conduct is motivated by malicious intend [sic] an [sic] evil motive" and "Defendant in this case have [sic] wronged him and discriminated against him." (Compl., D.E. 1, Ex. B.; D.E. 3.) Nowhere, however, does he support these conclusions with factual allegations relevant to any defendant. The defendants have a legitimate interest in the collection of apartment rent owed to Linden Yards

12

Apartments. As such, Hawkins fails to state a plausible claim for relief under 42 U.S.C. § 1983.

D. <u>Res Judicata Preclusion</u>

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153 (1979)(internal quotation marks, ellipses & citation omitted). In general, the federal courts have also given preclusive effect to issues decided by state courts. *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980). Thus, res judicata and collateral estoppel both reduce unnecessary litigation and foster reliance on adjudication, as well as promote the comity between state and federal courts. *Id.* Therefore, "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Id.* at 96; *see also* 28 U.S.C. § 1738.

The Tennessee Court of Appeals has explained the distinction between collateral estoppel and res judicata:

> Collateral estoppel and res judicata are related doctrines; however, they operate in separate ways to prevent inconsistent judicial decisions. Res judicata is said to act "like a bludgeon, indiscriminately

13

> smashing all efforts of a party to relitigate events that have already been litigated and decided in a prior suit." Joseph W. Glannon, *Civil Procedure: Examples and Explanations* 485 (4th ed. 2001). Collateral estoppel, on the other hand, "operates like a scalpel, dissecting a lawsuit into its various issues and surgically removing from reconsideration any that have been properly decided in a prior action." *Id.*
>
> Res judicata serves to preclude *claims* that have once been litigated or could have been litigated. 22 *Tenn. Juris., Res Judicata* § 2 (2007). "Claim" is defined to include all rights arising out of a single transaction. *Glannon*, at 487 (citing Restatement (Second) of Judgments § 24 (1982)). Collateral estoppel, on the other hand, is an *issue* preclusion doctrine.

*Hill v. Doe*, No. M2007-01139-COA-R3-CV, 2008 WL 2600699, at *2 (Tenn. Ct. App. June 30, 2008)(emphasis in original); *accord Allen*, 449 U.S. at 94 ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.")(internal citations omitted).

The doctrine of res judicata, or claim preclusion, "bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit." *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *accord Federated*

14

*Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). "The principle of claim preclusion prevents parties from splitting their cause of action and requires parties to raise in a single lawsuit all the grounds for recovery arising from a single transaction or series of transactions that can be brought together." *Lien*, 993 S.W.3d at 56. In Tennessee,

> [a] party defending on the basis of collateral estoppel must demonstrate that "(1) the judgment in the prior case was final and concluded the rights of the party against whom the defense is asserted, and (2) both cases involved the same parties, the same cause of action, or identical issues."

*Barnett v. Milan Seating Sys.*, 215 S.W.3d 828, 835 (Tenn. 2007)(citation omitted).

The decision of the Shelby County Court of General Sessions in the state court action brought on January 17, 2014, is entitled to res judicata effect. The judgment in favor of Linden Yards in the first action was a final decision on the merits. "A judgment is final in Tennessee when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court." *Creech v. Addington*, 281 S.W.3d 363, 377 (Tenn. 2009) (internal quotation marks, emphasis & citation omitted). "As a general rule, a trial court's judgment

15

becomes final . . . after its entry unless a party files a timely notice of appeal or specified post-trial motion." *Id.* The judgment issued by the Court of General Sessions on February 18, 2043, ruled in favored of Linden Yards, based on the fact that Hawkins had breached his residential contract by failing to pay rent. Under state law, Hawkins had ten days to appeal the General Sessions judgment to the Circuit Court of Shelby County, Tennessee. Because Hawkins did not appeal, that judgment became final on February 28, 2014, ten days after entry.

The requirement that both cases involve the same parties and issues is also satisfied. Both cases involve the disputed unpaid rent and the payment of court costs. All parties were the same in the second cause of action, although Gardner was not individually named as a party in the initial state claim. Thus, the facts indicate that the current federal cause of action is precluded. Accordingly, this court recommends dismissal of Hawkins's complaint as barred by the doctrine of res judicata.[1]

---

[1] The weight of authority supports dismissal for failure to state a claim when a case is barred by the doctrine of res judicata. *See Thompson v. U.S., Small Bus. Admin.*, 8 Fed. App'x 547, 549 (6th Cir. 2001)(affirming failure-to-state-a-claim dismissal that was based on res judicata); *Johnson v. Johnson*, No. 91-1160, 1991 U.S. App. Lexis 17922, at *2 (6th Cir. July 19, 1991)(same); *Link v. Sumner Cnty. Jail*, 3:10-CV-0236, 2010 WL 1138029, at *2 (M.D. Tenn. Mar. 19, 2010)("Because the plaintiff's claims are barred by the doctrine of *res judicata*, the Court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted.").

Also, the issue of res judicata need not be raised in a motion in order for the court to address it, and it can be cause for dismissal based on failure to state a claim pursuant to

I.  RECOMMENDATION

For the foregoing reasons, it is recommended that Hawkins's complaint be dismissed for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

Respectfully submitted this 19th day of March, 2014.

                              s/ Diane K. Vescovo
                              DIANE K. VESCOVO
                              UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  FED. R. CIV. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

initial screening under 28 U.S.C. § 1915(e).  *See Murray v. Reed*, 69 F. App'x 246, 247 (6th Cir. 2003)(affirming district court's dismissal of complaint upon initial screening based on frivolousness and failure to state a claim under the principle of res judicata); *Skudnov v. Hous. Auth. of Bowling Green*, 1:07CV-149-R, 2007 WL 2915179, at *3 (W.D. Ky. Oct. 5, 2007)("In the present action, Plaintiff is simply trying to re-litigate claims that he lost as part of his 2005 action. As such, this action is barred by the doctrine of res judicata, and therefore, must be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted."); *cf. Holloway Constr. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989)(stating that a district court is "empowered to raise res judicata *sua sponte*" and "may invoke the doctrine of res judicata in the interests of, inter alia, the promotion of judicial economy").