IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WOODROW HAWKINS, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>LINDEN YARDS APARTMENTS, )<br>ET AL., )<br>)<br>Defendants. ) | No. 14-2102-JDT-dkv |

ORDER DENYING PLAINTIFF'S OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Woodrow Hawkins, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on February 12, 2014, a motion for leave to proceed *in forma pauperis*, and a motion for an injunction. (Docket Entries 1, 2, & 3.) United States Magistrate Judge Diane K. Vescovo subsequently granted leave to proceed *in forma pauperis*.[1] (D.E. 6.) On March 19, 2014, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended that the case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. 7.) Objections to that R&R were due within 14 days. *See* Fed. R.

---

[1] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

Civ. P. 72(b)(2). On March 25, 2014, Plaintiff filed a "Motion to Add[] New Evidence", which the Court construes as a timely objection to the R&R.

Plaintiff sues Linden Yards Apartments ("Linden Yards") and his landlord, Frieda A. Gardner. His complaint alleges that an action was filed against him on January 17, 2014, by Linden Yards for unpaid rent. Plaintiff asserts that he did not owe all the rent that was sought and that he felt as if Gardner was discriminating against him because he has an unspecified disability. Plaintiff sought compensatory and punitive damages, an injunction to stop any possible eviction, and for criminal charges to be brought against the Defendants. Magistrate Judge Vescovo recommends dismissal for failure to state a claim on which relief may be granted and on the grounds that the complaint is barred by the doctrine of *res judicata*.

Plaintiff's March 25, 2014, filing, which includes several exhibits, indicates that a trial was held in the Shelby County General Sessions Court in February 2014 on an action against Plaintiff and his daughter for unpaid rent. (D.E. 8 at 1; D.E. 8-11 & 8-15.) A judgment in the amount of $2,394.04 was entered against them and was satisfied on February 20, 2014. (D.E. 8-11, 8-14, & 8-15.) Plaintiff continues to assert that he has "been taken advantage of" and has "been discriminated against" by Defendant Gardner. (D.E. 8 at 1.)

Having reviewed the complaint and the law and having considered Plaintiff's objections, the Court agrees with the Magistrate Judge's conclusion that this case should be dismissed. Even if they are not barred by *res judicata*, Plaintiff's claims of discrimination are wholly conclusory and unsupported by any factual allegations. In addition, the

Defendants are private parties, and there is no allegation that their actions are attributable to the government.² Therefore, Plaintiff's motion and objections are DENIED and the Court ADOPTS the Magistrate Judge's R&R. This case is hereby DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the Defendants, but has

---

² Even though Linden Yards apparently participates in the Section 8 housing program, such participation, without more, does not turn a private party into a government actor. *See* Morris v. Dehaan, 944 F.2d 905 (Table), 1991 WL 177995, at *4 (6th Cir. 1991) (citing Miller v. Hartwood Apts., Ltd., 689 F.2d 1239 (5th Cir. 1982)); *see also* Benford v. Smith, 2005 WL 1325003, a *3 (E.D. Tenn. June 3, 2005).

sufficient merit to support an appeal *in forma pauperis*. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.